SOUTHERN BUILDING AND LOAN ASSOCIATION v. R. M. ATKINSON ET AL.

Decided February 22, 1899.

1.  Usury—Foreign Building and Loan Associations.

A contract of loan on Texas property by a building and loan association chartered in another State which provides for the payment of interest and premiums together exceeding the maximum rate of interest allowed by the laws of Texas will be held usurious here, although the association is authorized by its charter to take interest on loans in any amount.

2.  Same—Usury Laws of Texas Govern.

Where a foreign building association makes a loan to a resident of Texas secured by trust deed upon property in this State, and the by-laws provide that payments upon dues and loans may be made to the secretary of the local board in the State where the loan is made, the laws of this State will govern in determining whether the contract is usurious, although the by-laws and certificates of stock also provide that all dues upon loans and stock are payable at the home office, and that the local agents in receiving payments of dues shall be deemed the agent of the payor and not of the association

APPEAL from Houston.  Tried below before Hon. W. H. GILL.

*A. C. Allen, Edgar Watkins, Nunn & Nunn,* and *Frank C. Jones,* for appellant.

*Aldrich & Lipscomb,* for appellees.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by R. M. Atkinson and Mrs. L. A. Collins to cancel a certain deed of trust on land and to recover usurious interest paid to appellant.  The only matter pleaded in the petition in connection with Mrs. Collins is that "she occupies and has an interest in the said lots, and that in all of the acts and things alleged of the said R. M. Atkinson he was trustee and agent for her."  The court rendered judgment canceling the deed of trust and in favor of appellee Atkinson for $790 against appellant, and that Mrs. Collins take nothing by her suit.  The latter does not complain of the judgment.

The following were findings by the trial judge, which are adopted by this court:

"The defendant is a corporation under the laws of the State of Georgia, with its principal office and domicile in the city of Atlanta, in that State, and its business in Texas has been done under a permit issued to it in accordance with law.

"In the year 1890 it sold and issued to parties residing in Crockett, in Houston County, Texas, a number of its shares, and in accordance with its by-laws such purchasers organized a local board, whose duty it was to inspect and recommend loans and generally to look after the interest of the corporation in said county.

"Its by-laws and certificates of stock stipulated that all dues upon stock and loans were payable at the home office in Atlanta, but such payments were by a further stipulation in the by-laws permitted to be paid

to the secretary of the local board at Crockett, and 2 per cent of such payments was allowed to such secretary by the corporation as compensation for collecting; but it was further provided therein that such secretary should not be deemed the agent of the corporation in receiving and forwarding such sums, but should be deemed the agent of the stockholder, making the payment.

"On the 1st of May, 1890, the corporation issued to J. E. Downes, of Crockett, Texas, a certificate for the shares of its stock, each share of the stock of such corporation being of the face value of $100, and to be matured by the payment by the holder of the same of the sum of 60 cents per month until same should by such payments and the share of profits apportioned to said stock reach its par or face value. Such certificate for ten shares was thereafter regularly transferred by Downes to Castleberg and by Castleberg to R. M. Atkinson. That on the 28th day of November, 1892, Atkinson borrowed of said loan association $1000, and to secure the payment of same executed in Houston County to said association a deed of trust upon the real estate in question, which is situated in Houston County; such deed of trust also covered the ten shares of stock. S. C. Arledge was made trustee in such deed of trust, and same provided that in case he failed or refused to execute such trust the sheriff of Houston County should act in his stead. Arledge was secretary of the local board, and resided in Houston County, Texas.

"That the deed of trust did not stipulate in terms any particular place of payment, but provided that the payments should be made as provided in its bylaws, rules, and regulations. It stipulated that in case of default the property should be sold at the courthouse door of Houston County, Texas.

"By the terms of such deed of trust and contract, the borrower obligated himself to continue a payment of dues upon the stock, and to pay in addition thereto the sum of $10 per month as interest and premium until such stock should mature and become of the par value of $100 per share, when said stock should operate as a full discharge of the borrower's debt and a cancellation of the deed of trust.

"By a further stipulation both in the deed of trust and by-laws, it was provided that at the end of eighty-four months from the date of the issuance of the stock, if the borrower desired to pay the balance due and discharge his loan, he could credit thereon the book value of his stock which was ascertained by crediting to such stock five-sixths of the amount paid thereon and the amount of profits apportioned to such stock.

"The loan association was organized on the mutual plan, its sole source of income being the money paid in by its shareholders, and its sole source of profits being the interest, premium, and penalties received from borrowers, and in other respect it did not differ from the ordinary incorporated loan associations. All profits were apportioned equally among outstanding shares without reference to whether they were incumbered or unincumbered, and the profits actually apportioned to the ten shares in question were sufficient in amount to reduce the amount paid as in-

terest and premium by Atkinson to a rate of interest less than the maximum rate of interest allowed by the laws of Texas.

"The dues upon the stock and amount promised to be paid monthly upon the loan were promptly paid when due until eighty-four monthly payments had been made on the stock and fifty-two on the loan. The eighty-four months expired on the —— day of May, 1897, and when the last payment was made Atkinson made demand upon the said association for the discharge of his loan and the cancellation of the deed of trust.

"The $10 per month provided for as interest and premium amounted to more than 10 per cent per annum on the amount loaned.

"The amount paid by plaintiff on stock is $420, not counting 10 cents per share for each month which went to the expense fund. The amount paid by plaintiff as interest and premium at $10 per month is $520, covering fifty-two months from the date of the loan, the last payment being for the month of May, 1897.

"The actual book value of plaintiffs' shares at that time, which include 50 cents per share for eighty-four months, and the profits apportioned to them on that date, was $67 per share, or $670 for the ten shares.

"The plaintiff has paid nothing either on shares or on loan since May, 1897; nonpayment of dues subjects a shareholder to a fine of 10 cents per share per month, such being the provision in the by-laws of the association. Atkinson also agreed to keep the property insured for the benefit of the association, and this he did; but the association not having notice of his compliance with the agreement, had the property insured and paid $10 therefor. This was after May, 1897.

"The evidence fails to disclose any interest in the property on the part of Mrs. L. A. Collins.

"The usury laws of Georgia were not applicable to loan associations, and did not restrict them in the amount of interest they should charge borrowing members."

In addition, we find the following bond was executed by Atkinson, and that the deed of trust specifies it as the obligation on which Atkinson was bound and to secure which the deed of trust was given:

"Know all men by these presents, that I, R. M. Atkinson, of said county and State, am held and firmly bound unto 'The Southern Home Building & Loan Association' of Atlanta, Georgia, and its assigns, in the just and full sum of two thousand ($2000) dollars, for the just and true payment of which I bind myself, executors, and administrators firmly by these presents. Sealed with my seal and dated the 28th day of November, one thousand eight hundred and ninety-two.

"The condition of the above obligation is such that, whereas I, the said R. M. Atkinson, have this day procured an advance of one thousand ($1000) dollars on ten shares of stock which I hold in said association, from the Southern Home Building and Loan Association of Atlanta, Georgia, under the by-laws, rules and regulations thereof. Now should I, the said R. M. Atkinson, or any one for me, well and truly pay to the said association, so long as it shall continue to exist, or as may be pro-

vided in its by-laws, rules and regulations, the sum of six ($6) dollars monthly, on the last day of each month, being installments due on said stock, on which an advance was procured as aforesaid, and the further sum of five ($5) dollars monthly, as aforesaid, on the same day as interest on said advance, and the further sum of five ($5) dollars, as premium or redemption money on said advance, and keep the buildings on the property, given to secure said advance, insured to the amount of one thousand ($1000) dollars for the benefit of said association, and pay all taxes and assessments against the same at maturity thereof, and comply with all and singular the requirements of said by-laws, rules, and regulations, then this obligation to be void; otherwise of full effect."

The first assignment is to the effect that the court erred in holding that "the contract of loan and the deed of trust does not evidence an intention that same should be payable in the State of Georgia, and is therefore subject to the laws of Texas and enforceable in this State." It was not error to hold that the contract was subject to the laws of Texas. Building and Loan Assn. v. Griffin, 90 Texas, 480; Pioneer S. & L. Assn. v. Peck, 20 Texas Civ. App., —.

The facts of this case are similar to those in the cases of Abbott v. Building and Loan Association, 86 Texas, 467, and Building and Loan Association v. Griffin, above cited, in which it was held that the contract was usurious. Usury appears from the face of the pleadings of both appellant and appellees.

We do not think there is any merit in the cross-assignments of error. The judgment is affirmed.

*Affirmed.*

Writ of error refused.